

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
11/01/2011

| | | |
|---|---|---|
| IN RE: | § | |
| JOON H. RHEE, | § | Case No. 11-35901 |
|     Debtor(s). | § | |
| | § | Chapter 7 |
| | § | |
| SHYH-KUEN ROGER WU, *et al*, | § | |
|     Plaintiff(s) | § | |
| | § | |
| VS. | § | Adversary No. 11-03369 |
| | § | |
| JOON H. RHEE, *et al*, | § | |
|     Defendant(s). | § | Judge Isgur |

### MEMORANDUM OPINION

This memorandum opinion concerns whether the Court should *sua sponte* remand this adversary proceeding for lack of subject matter jurisdiction. The Court finds that this is not a core proceeding. Because the adversary proceeding will have no conceivable effect on the bankruptcy estate, this is also not a "related to" proceeding. The Court will therefore *sua sponte* remand for lack of subject matter jurisdiction.

### Factual Background

Shyh-Kuen Roger Wu and Yeh-Peng Esther Wu filed a civil action in Texas state court on January 11, 2011. (ECF Doc. 1). The Wus allege that their real estate salesman, Joon H. Rhee, and his brokers, Jaclyn Nall, and Jackie Nall & Associates, failed to remit part of a commission from a sale of real estate as the parties had agreed. (ECF Doc. 1-1 at 2-3). The real estate sold was property of the estate in another bankruptcy case before this Court, *In re Hillary Harmon* (Case No. 10-33789). Rhee filed a chapter 7 "no-asset" bankruptcy on July 7, 2011. (Case No: 11-35901, ECF Doc. 1). Rhee removed the Wus state court lawsuit the following day. (ECF Doc. 1).

At the September 22, 2011 hearing, the Court gave Rhee fourteen days to demonstrate why the case should not be remanded for lack of subject matter jurisdiction. Rhee filed a Statement of Jurisdiction on October 6, 2011. (ECF Doc. 6). The Wus responded the following day. (ECF Doc. 7).

## Analysis

Rhee argues this Court has subject matter jurisdiction because: (1) this is a core proceeding to determine dischargeability of a particular debt under 28 U.S.C. § 157(b)(2)(I); (2) this is a core proceeding adjusting the debtor-creditor relationship between the Wus and Rhee under 28 U.S.C. § 157(b)(2)(O); (3) the result of this case will have a direct impact on *In re Hillary Harmon*, another bankruptcy case before this Court ; (4) remanding the case runs the risk of producing inconsistent judgments; (5) the Court has subject matter jurisdiction because this case is related to two cases under title 11.

The first argument fails because this is not a proceeding to determine dischargeability. As discussed at the September 22, 2011 hearing, the Wus filed a separate adversary proceeding as to dischargeability. (Case No. 11-03491, ECF Doc. 1). In addition to determining the issue of dischargeability, the Court has jurisdiction and authority in adversary proceeding 11-03491 to liquidate the amount, if any, Rhee owes the Wus. *See In re Morrison*, 555 F.3d 473, 477 (5th Cir. 2009). The Wus may amend their complaint in adversary proceeding 11-03491 to request that the Court determine the extent, if any, of Rhee's nondischargeable liability under the various causes of action.

The second argument also fails. This proceeding is not "an adjustment of the debtor-creditor . . . relationship." 28 U.S.C. § 157(b)(2)(O). The broad language of this subsection often leads to incorrect conclusions as to the extent of its reach. *See Collier's on Bankruptcy* ¶

3.02[3][d][ii]. The Fifth Circuit held that § 157(b)(2)(O) should not be given a broad reading, "otherwise, the entire range of proceedings under bankruptcy jurisdiction would fall within the scope of core proceedings, a result contrary to the ostensible purpose of the 1984 Bankruptcy Act." *Wood v. Wood (In re Wood)*, 852 F.2d 90, 95 (5th Cir. 1987). For a proceeding to be core in the Fifth Circuit, even under § 157(b)(2)(O), it must invoke a substantive right created by federal bankruptcy law or be a cause of action that could only arise in the context of a bankruptcy case. *Id.* This is not true here.

Rhee's third argument is unclear. The Court interprets the third argument to be that this is a core proceeding in a separate bankruptcy case—that of *In re Hillary Harman* (Case No. 10-33789). Rhee fails to provide any reason why this is so. The Court can think of none. The argument fails.

The fourth argument fails as it is not a reason why this Court has subject matter jurisdiction. The prospect of potentially inconsistent judgments is a fact to be considered when, for example, the Court has the option to remand and is balancing the equities.

The fifth argument also fails. The test for "related to" jurisdiction in the Fifth Circuit is whether "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Id.* Any argument that subject matter jurisdiction exists because this proceeding is related to Hillary Harmon's bankruptcy case fails because there is no conceivable effect on the estate in the Harmon bankruptcy. The argument that subject matter jurisdiction exists because this adversary proceeding is related to Rhee's bankruptcy case also fails. Rhee filed a "no-asset" chapter 7 bankruptcy. Even if the court determines Rhee is liable

to Wu, the outcome will have no effect on the estate being administered in bankruptcy. The Wus would collect nothing from the estate.[1]

## Conclusion

The Court will issue an Order in accordance with this Memorandum Opinion.

SIGNED **October 31, 2011.**

                                                    Marvin Isgur
                                      UNITED STATES BANKRUPTCY JUDGE

---

[1] Of course, the Wus have the option, and have indeed decided, to seek to have the debt excepted from discharge. Any eventual collection of a judgment will neither come from nor affect the bankruptcy estate.